IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:20-cv-90 |
| v. | |
| SHERRY BLAND, et al., | |
| Defendants. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Access to Photocopying, doc. 13; Motions for Extension of Time to Identify Defendant Jane Doe, doc. 12, 19; Motions to Amend and Supplement Complaint, doc. 21, 26; and Motion to Extend Discovery, doc. 28. For the reasons stated below, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Access to Photocopying. Doc. 13. The Court **DENIES as moot** Plaintiff's Motions for Extension of Time to Identify Defendant Jane Doe, docs. 12, 19; **GRANTS** Plaintiff's first Motion to Amend, doc. 21; **DENIES** Plaintiff's second Motion to Amend, doc. 26; and **DENIES** Plaintiff's Motion to Extend Discovery, doc. 28.

**I.   Motion for Access to Photocopying and Preliminary Injunction**

In his Motion for Access to Photocopying, Plaintiff requests "a preliminary injunction compelling Defendants to provide him access to photocopies." Doc. 13 at 1. Plaintiff contends he should have access to photocopying for evidence, exhibits, and legal documents so he can file one copy with the courts, serve one copy on opposing counsel, and keep one copy for his own records. Id. at 2. Plaintiff states Georgia Department of Corrections ("GDC") does not permit

prisoners to use photocopiers but allows prisoners to use carbon paper and typing paper.  Id.  Plaintiff contends he cannot use carbon paper because of nerve damage in his hands.  Id.  Additionally, Plaintiff states the 20-page per week limit imposed by GDC is insufficient for his filing needs.  Id. at 3.  Specific to this case, Plaintiff alleges he needs to photocopy a handwritten Post-it note written by Defendant Jane Doe and serve a copy of it upon Defendants, along with interrogatories, so he can identify her.  Id. at 10–11.  Thus, Plaintiff argues GDC has violated his right of access to the courts by denying him access to a photocopier.  Plaintiff filed an identical Motion in Daker v. Head, 6:14-cv-47, ECF No. 245, which the Court denied, ECF No. 252.  The Motion in this case is due to be denied as well.

        The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court."  Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002).  To be entitled to a preliminary injunction, a plaintiff must demonstrate: (a) there is a substantial likelihood of success on the merits; (b) the . . . preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the . . . preliminary injunction would cause to the non-movant; and (d) the . . . preliminary injunction would not be averse to the public interest.  Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to all four elements." Horton v. City of St. Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001) (citation and quotation marks omitted).  Further, in a civil action concerning prison conditions, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).  Importantly, "[a] district court should not issue an injunction when the injunction

in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. Apr. 24, 2018) (denying plaintiff's request for injunctive relief because the relief seeking computer access was essentially an access to courts claim, whereas plaintiff sued defendants for failure to protect him from a substantial risk of serious harm), *adopted by* 2018 WL 2303726 (S.D. Ga. May 21, 2018).

Plaintiff's requests for access to photocopying are not sufficiently related to his claims before the Court. In this case, Plaintiff's claims involve Tattnall County Superior Court employees' refusal to file his civil complaints. Doc. 1. In contrast, Plaintiff seeks a preliminary injunction to compel GDC officials to provide him access to a photocopier in his present Motion. It would be procedurally improper for the Court to grant a preliminary injunction against prison officials when they are not parties to this case regarding issues Plaintiff did not allege in his Complaint. Kaimowitz, 122 F.3d at 43. If Plaintiff wishes to assert such a claim, he must follow the proper procedures to file a separate suit against the proper defendants.

Even considering Plaintiff's Motion, Plaintiff has not shown a likelihood of success on the merits of his claim, irreparable injury, or even harm in litigating his current claims. Plaintiff explicitly acknowledges in his Motion he could mail his exhibit to a friend who could copy it for him. Doc. 13 at 8. Plaintiff has also filed numerous lengthy documents in this case and others, showing the page-limit imposed by GDC is apparently not an issue for him. See Doc. 1. Although access to a photocopier may make litigating the case easier for Plaintiff, access to one is not necessary to prevent irreparable injury or harm in litigating this case. Thus, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Access to Photocopying.

**II.    Motions for Extension of Time to Identify Defendant Jane Doe**

In his Complaint, Plaintiff identified a Defendant Deputy Clerk Jane Doe, who he alleges returned his unfiled Complaint with a Post-it note stating, "[M]ust be filed in the county of Defendant—Atlanta or Forsyth." Doc. 1 at 15. When directing service of Plaintiff's Complaint on November 12, 2020, the Court permitted Plaintiff 60 days to inform the Court of Jane Doe's identity. Doc. 6. On January 19, 2021, Plaintiff filed a Motion requesting a 60-day extension to identify Jane Doe after the commencement of discovery or the grant of his Motion for Access to Photocopying. Doc. 12. On February 26, 2021, Plaintiff filed a second Motion reiterating his request for an extension and explaining his disagreements with Defendants' opposition to his first Motion. Doc. 19. In these Motions, Plaintiff asserts he must serve a photocopy of the Post-it note written by Jane Doe on the other Defendants, along with interrogatories, so they can identify Jane Doe by her handwriting. Discovery has been ongoing for more than 60 days at this point, doc. 11, and I have recommended the denial of Plaintiff's Motion for Access to Photocopying. Thus, the Court **DENIES as moot** Plaintiff's Motions for Extension of Time to Identify Defendant Jane Doe.

**III.   Motions to Amend and Supplement Complaint**

As a preliminary matter, the deadline for filing motions to amend or add parties was March 16, 2021. Doc. 11. Plaintiff timely filed his first Motion to Amend and Supplement Complaint on March 11, 2021.[1] Doc. 21 at 5. Plaintiff seeks leave to amend under Federal Rule of Procedure 15(a)(2), as he already amended once as a matter of course in this litigation. Doc. 21 at 2. Rule 15(a)(2) specifies a party may amend his pleading with the opposing party's written consent or the court's leave. Rule 15(a)(2) states, "The court should freely give leave

---

[1] The Motion is dated March 11, 2020, but the Court assumes Plaintiff meant 2021.

4

when justice so requires." Unless substantial reason exists to deny the motion, such as undue prejudice or delay, movant's bad faith or dilatory motive, repeated failure to cure deficiencies, or futility, the interests of justice require that leave to amend be granted. Foman v. Davis, 371 U.S. 178, 182 (1962). No substantial reason exists to deny Plaintiff's first timely Motion to Amend. Defendants expressly do not oppose Plaintiff's amendment. Doc. 27 at 2. Therefore, the Court **GRANTS** Plaintiff's first Motion to Amend. Doc. 21. The Court **DIRECTS** the Clerk of Court to docket Plaintiff's attached exhibit as the Second Amended Complaint. The Court will order service of Defendants Mulligan and West by separate Order.

Plaintiff's second Motion to Amend, however, is untimely. Plaintiff filed his second Motion on May 19, 2021, doc. 26 at 8, which was more than two months after the deadline, doc. 11. Under Federal Rule of Civil Procedure 16(b)(4), a Court-imposed deadline "may be modified only for good cause and with the judge's consent." Plaintiff recognizes in his Motion it is untimely but states he received "some discovery" from Defendants requiring him to amend. Doc. 26 at 2. Plaintiff does not provide any details about the discovery. Defendants oppose the Motion and state Plaintiff did not even send any discovery requests until March 7, 2021. Doc. 27. Plaintiff has not shown good cause for his failure to comply with the Court-imposed deadline. Therefore, the Court **DENIES** Plaintiff's second Motion to Amend. Doc. 26.

**IV.    Motion to Extend Discovery**

In his Motion to Extend Discovery, Plaintiff asks for a four-month extension of the discovery period. Doc. 28. Plaintiff states the discovery deadline should be extended due to his pending Motion to Amend, by which he seeks to add new Defendants. Id. In his Motion to Extend Discovery, Plaintiff has not identified what additional discovery he asserts he needs to conduct. Thus, Plaintiff has not shown a four-month extension is necessary or approprioate.

Furthermore, it does not appear Plaintiff conferred with Defendants regarding the requested extension prior to submitting the request.  Therefore, the Court **DENIES** Plaintiff's Motion.  If the parties believe additional discovery is necessary in light of the Court's rulings, the parties must confer and submit a proposed schedule describing discovery tasks each party seeks to conduct during that time.

## CONCLUSION

For the reasons explained above, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Access to Photocopying.  Doc. 13.  The Court **DENIES as moot** Plaintiff's Motions for Extension of Time to Identify Defendant Jane Doe, docs. 12, 19; **GRANTS** Plaintiff's first Motion to Amend, doc. 21; **DENIES** Plaintiff's second Motion to Amend, doc. 26; and **DENIES** Plaintiff's Motion to Extend Discovery, doc. 28.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of June, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA