IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:20-cv-90 |
| v. | |
| SHERRY BLAND, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's June 24, 2021 Order and Report and Recommendation and Plaintiff's Motion for Reconsideration. (Docs. 46, 55.) Plaintiff asks the Court to vacate its July 20, 2021 Order, which adopted the Magistrate Judge's June 24, 2021 Report and Recommendation. (Docs. 31, 43.) Plaintiff also asks the Court to vacate the Magistrate Judge's June 24, 2021 Order on Plaintiff's second motion to amend and motions for extension of time to identify Defendant Jane Doe in light of the Objections he filed to that Order. (Docs. 46, 55.)

For the reasons below, the Court **DENIES** Plaintiff's Motion for Reconsideration and **OVERRULES** Plaintiff's Objections. (Docs. 46, 55.) The Magistrate Judge's June 24, 2021 Report and Recommendation remains the opinion of the Court and the Magistrate Judge's June 24, 2021 Order is affirmed. (Docs. 29, 31, 43.)

**BACKGROUND/PROCEDURAL HISTORY**

Plaintiff's Motion for Reconsideration touches on three rulings by the Magistrate Judge. First, Plaintiff asks for reconsideration of the Magistrate Judge's Report and Recommendation, as

adopted by this Court, denying his motion for access to photocopying.  (Docs. 31, 43.)  Additionally, Plaintiff asks the Court to reconsider the Magistrate Judge's Order on his motion to amend and motion for extension of time to identify Defendant Jane Doe.[1]  (Doc. 29.)  Plaintiff asks the Court to reconsider those in both his Motion and his Objections.  (Docs. 46, 55.)

I.     **Motion for Access to Photocopying**

Plaintiff moved for a preliminary injunction allowing him access to photocopying.  (Doc. 13.)  Part of Plaintiff's motion for a preliminary injunction was based on his claim against Defendant Jane Doe.  (Id. at pp. 9–11.)  Plaintiff asserted he could identify the Doe Defendant if he was permitted to photocopy a Post-it note Doe allegedly wrote and provide to the other Defendants who worked in the Tattnall County Clerk's Office.[2]  (Id. at pp. 10–11.)  Plaintiff argued he could conduct discovery concerning the identified Defendant, who, in turn, could then identify the handwriting of the unnamed Doe Defendant.  Id.

On June 24, 2021, the Magistrate Judge recommended the Court deny Plaintiff's motion for a preliminary injunction because: (1) his requests for access to photocopying are not sufficiently related to his claims before the Court, which involve claims against Tattnall County Superior Court employees for refusing to file his Complaints; and (2) even if his preliminary injunction was properly before the Court, Plaintiff failed to show a likelihood of success on the merits of his claim or irreparable injury.  (Doc. 31, pp. 1–3.)  On July 20, 2021, the Court adopted the Magistrate Judge's recommendation.  (Doc. 43.)  In that Order, the Court noted there were no

---

[1] Because the Magistrate Judge ruled on non-dispositive matters when deciding Plaintiff's motion to amend and motion for extension, those rulings did not need to be adopted to become final and were not previously reviewed by the Court.

[2] In his Complaint, Plaintiff identified a Defendant Deputy Clerk Jane Doe, who he alleges returned his unfiled Complaint with a Post-it note stating, "[M]ust be filed in the county of Defendant—Atlanta or Forsyth," thus violating his constitutional rights.  (Doc. 1, p. 15.)

2

Objections to the Magistrate Judge's Report. (Id. at p. 1.) Plaintiff's Objections were due on July 12, 2021; however, the Court did not receive Plaintiff's Objections until July 29, 2021, after the Adoption Order was issued. (Doc. 46.) Even so, Plaintiff's Objections are signed and dated July 12, 2021, indicating a likely delay in the mail. (Id. at p. 19.) There is no indication Plaintiff did not deliver his Objections to prison officials within the time required for Objections. Thus, the Court deems Plaintiff's Objections timely filed.

On August 30, 2021, Plaintiff filed a Motion for Reconsideration, asking the Court to reconsider its adoption of the Magistrate Judge's June 24, 2021 Report relating to Plaintiff's motion for access to photocopying. (Doc. 55.) Plaintiff argued the July 12, 2021 Adoption Order failed to consider Plaintiff's Objections, and, more importantly, the Magistrate Judge erred when recommending denial of his motion for access to photocopying. (Id. at pp. 3–7); (see also Doc. 46, pp. 1–12 (objecting to the recommended denial of Plaintiff's motion for access to photocopying)).

In between his Objections and Motion for Reconsideration, Plaintiff also filed a renewed and supplemental motion for access to photocopying, contending he needed access to photocopy in order to properly respond to Defendants' discovery requests. (Doc. 49.) Additionally, Defendants filed a motion to compel discovery. (Doc. 33.) In response to Defendants' motion to compel, Plaintiff explained he had not produced responsive documents because he does have a way to photocopy those documents to deliver them to Defendants. (Doc. 48.) On October 14, 2021, the Magistrate Judge issued an Order resolving those motions and addressing Plaintiff's access to photocopying. In resolving Defendants' motion to compel, the Magistrate Judge ordered Plaintiff to provide responsive documents to Defendants' counsel that counsel could scan at Smith State Prison. (Doc. 67.) Additionally, the Magistrate Judge denied as moot Plaintiff's supplemental and renewed motion for photocopying. (Id.) Further, in the Magistrate Judge's

3

October 14, 2021 Order, he observed Plaintiff could provide the Post-it note to Defendants' counsel, which resolved Plaintiff's motion for access to photocopying, Objections, and Motion for Reconsideration.  (Id. at p. 1 n.1.)

II.     **Motion to Amend**

On March 11, 2021, Plaintiff filed his first motion to amend and supplement complaint.  (Doc. 21.)  However, before the Court issued any ruling on Plaintiff's first motion to amend, Plaintiff filed his second motion to amend on May 19, 2021.  (Doc. 26.)  In the Magistrate Judge's June 24, 2021 Order, he granted Plaintiff's first motion to amend, finding Plaintiff could amend as a matter of right but denied Plaintiff's second motion to amend, finding Plaintiff did not show good cause for an untimely amendment.  (Doc. 29, pp. 4–5.)  Plaintiff has filed Objections to the Magistrate Judge's Order on his second motion to amend, in which he asks the Court to consider in his Motion for Reconsideration.  (Doc. 46, pp. 13–18; Doc. 55, pp. 2–3.)

On July 2, 2021, Plaintiff filed a third motion to amend.  (Doc. 37.)  On August 30, 2021, Plaintiff filed a fourth motion to amend.  (Doc. 54.)  On October 12, 2021, Plaintiff filed his fifth motion to amend.  (Doc. 66.)  The Magistrate Judge denied as moot Plaintiff's third motion to amend.[3]  (Doc. 62 at 1).  However, Plaintiff's fourth and fifth motion to amend remain pending before the Court.  (Docs. 54, 66.)

III.    **Motion for Extension of Time to Identify Defendant Jane Doe**

In his Complaint, Plaintiff identified a Defendant as Deputy Clerk Jane Doe, who he alleges returned his unfiled Complaint with a Post-it note stating, "[M]ust be filed in the county of Defendant—Atlanta or Forsyth."  (Doc. 1, p. 15.)  On November 12, 2020, the Court provided Plaintiff 60 days to inform the Court of Defendant Doe's identity.  (Doc. 6.)  Plaintiff then filed

---

[3]  The Magistrate Judge also denied as moot the portion of Plaintiff's July 30, 2021 motion for reconsideration relating to amending his Complaint.  (Doc. 62.)

two motions requesting a 60-day extension of time after the commencement of discovery to identify Defendant Doe. (Docs. 12, 19.) Plaintiff explained he could not identify Defendant Doe until he photocopied the Post-it note and provided it to Defendants so they could identify Defendant Doe by her handwriting, and his motions for photocopying remained pending before the Court. (Id.)

On June 24, 2021, the Magistrate Judge denied as moot Plaintiff's motion for access to photocopying. (Doc. 29, p. 4.) The Magistrate Judge denied as moot Plaintiff's motion for extension of time to identify Defendant Doe based on his recommended denial of access to photocopying. (Id.) As explained above, the Magistrate Judge recently issued an Order outlining how Plaintiff may provide documents responsive to Defendants' discovery requests, including his Post-it note, if he still desires to do so. (Doc. 67, p. 1 n.1.)

**ANALYSIS**

I.  **Motion for Reconsideration Standard**

Rule 60(b) provides a court may relieve a party from judgment in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1)–(5). Additionally, the catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The decision whether to grant relief under this provision is within the sound discretion of the district court. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1131–32 (11th Cir. 1986). In exercising that discretion, the Court must take into consideration the interest of efficient judicial administration. Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S.

380, 397–98 (1993)).  A motion for reconsideration "is not an opportunity for the moving party to instruct the court on how the court could have done it better the first time." Jerawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (internal quotations and citations omitted).  Similarly, a motion for reconsideration should not "present authorities available at the time of the first decision or to reiterate arguments previously made." Burger King Corp. v. Hinton, Inc., No. 01-2249-CIV, 2002 WL 31059465, at *1 (S.D. Fla. July 19, 2002).  When a party bases its motion to reconsider on previously unsubmitted evidence, "the court should not grant the motion absent a showing that the evidence was not available during the pendency of the case." M.G. v. St. Lucie Cnty. Sch. Bd., 741 F.3d 1260, 1262 (11th Cir. 2014) (internal quotations and alterations omitted).

## II.     Plaintiff's Motion for Access to Photocopying

Plaintiff asks the Court to vacate its Order adopting the Magistrate Judge's June 24, 2021 Report and Recommendation because the Court did not consider his Objections.[4] (Doc. 55, pp. 1– 2.)  However, even considering Plaintiff's Objections, the Court finds no error in the Magistrate Judge's Report, and, moreover, Plaintiff's Objections and initial motion for photocopying are now moot.

Plaintiff argues the Magistrate Judge erred in denying his motion for photocopying, in which Plaintiff sought a preliminary injunction allowing him access to photocopying at Smith State Prison, for several reasons.  (Doc. 55, pp. 3–7; Doc. 46, pp. 2–12.)  Plaintiff argues: photocopying is required to protect his right of access to the courts; he has a case pending addressing this right of access to the courts; photocopying is needed to identify Defendant Jane

---

[4] Plaintiff complains his Objections were not considered. (Doc. 55, p. 2.) While this is true, the Court still conducted de novo review of the entire record and found no error with the Magistrate Judge's Report. (Doc. 43.) Thus, while Plaintiff's Objections were not specifically considered, the reason for adopting the Report was not because of the lack of Objections, but because the Magistrate Judge's recommended disposition was correct and appropriate.

6

Doe; and he has met the requirements for a preliminary injunction. (Doc. 55, pp. 3–7; Doc. 46, pp. 2–12.)

The Magistrate Judge denied Plaintiff's request for a preliminary injunction related to photocopying because Plaintiff's request for photocopying is not sufficiently related to his claims in the instant case. (Doc. 31, p. 3 (citing Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997)). The Court finds no error in this analysis. As the Magistrate Judge correctly explained, Plaintiff's claims involve Tattnall County Superior Court employees' refusal to file Plaintiff's civil complaints, (doc. 1), but Plaintiff seeks a preliminary injunction to compel Georgia Department of Corrections' ("GDC") officials to provide him access to a photocopier, (doc. 13). The Eleventh Circuit Court of Appeals has stated, "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz, 122 F.3d at 43. Thus, the Magistrate Judge's recommendation was correct, as Plaintiff's requested injunctive relief and his claims in the instant case are about unrelated matters. Plaintiff's Objections do not present any compelling reason to disregard this principle, even if the Court could do so in these circumstances, within its inherent authority.

Plaintiff also argues his motion for a preliminary injunction is proper because he has brought another lawsuit against GDC defendants for their refusal to provide him with access to photocopying. (Doc. 46, pp. 3–4 (citing Daker v. Ward, No. 6:21-cv-3 (S.D. Ga. Jan. 11, 2021)). However, the fact Plaintiff has separately brought a specific access to courts claim about GDC's

photocopying policy merely underscores the unrelated nature between Plaintiff's claims in this case and his request for preliminary injunction.[5]

Finally, to the extent Plaintiff argues he requires a preliminary injunction allowing him access to photocopying to identify Defendant Jane Doe, that contention is moot. The Magistrate Judge recently ordered Plaintiff to provide responsive documents to Defendants' counsel so that the documents could be scanned at Smith State Prison and informed Plaintiff he may also deliver the Post-it note to Defendants at that time. (Doc. 67, p. 1 n.1.) Thus, any Objections on that basis are moot.

The Court sees no basis to reconsider its previous ruling on Plaintiff's motion for access to photocopying. Plaintiff's Objections and Motion for Reconsideration are unpersuasive. Simply put, Plaintiff has not shown any error in the Magistrate Judge's Report or the Court's adoption of that Report which would warrant reversal of those decisions. Accordingly, the Court **DENIES** this portion of Plaintiff's Motion for Reconsideration and **OVERRULES** his related Objections.

### III.  Motion to Amend

On June 24, 2021, the Magistrate Judge denied Plaintiff's Second Motion to Amend. (Doc. 29.) Plaintiff filed Objections to that ruling. (Doc. 46, pp. 13–18.)

As explained above, since the Magistrate Judge denied Plaintiff's second motion to amend, Plaintiff has filed a third, fourth, and fifth motion to amend and Amended Complaints. (Docs. 37, 54, 66.) Plaintiff's fourth and fifth motion to amend are currently pending before the Court. Any error in denying Plaintiff's second motion to amend is now moot by his subsequent and pending motions to amend.

---

[5] The Magistrate Judge assigned in Daker v. Ward has recommended the Court deny Plaintiff's motion for a preliminary injunction requesting access to photocopying. R. & R., Daker v. Ward, 6:21-cv-3 (S.D. Ga. Sept. 2, 2021), ECF No. 7.

8

Further, even if Plaintiff's Objections to the Magistrate Judge's ruling on Plaintiff's second motion to amend were not moot, they are without merit. The Magistrate Judge's Order on Plaintiff's second motion to amend was a ruling on a non-dispositive matter. When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, No. 4:12-CV-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

Plaintiff's Objections do not show the Magistrate Judge's June 24, 2021 Order denying his second motion to amend was clearly erroneous or contrary to law. (Doc. 46, pp. 13–18.) At the time, Plaintiff made no showing of good cause entitling him file an untimely Amended Complaint. That is, Plaintiff failed to demonstrate "good cause." Instead, Plaintiff provides details for the first time in his Objections, which he contends constitute "good cause" for allowing an untimely amendment. Compare (Id.) with (Doc. 26 at 2 (explaining Plaintiff's amendment is in light of newly discovered facts)). As Plaintiff failed to present any argument in his briefing to the Magistrate Judge regarding "good cause" to permit his untimely amended complaint, the Court declines to consider his arguments now. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so).

Accordingly, the portion of Plaintiff's Motion for Reconsideration regarding the denial of his second motion to amend his **DENIED as moot** and his Objections are **OVERRULED**.

## IV.     Motion for an Extension of Time

The Magistrate Judge denied Plaintiff's motion for an extension of time to identify Defendant Doe. (Doc. 29, p. 4.) Plaintiff also filed Objections to this Order. (Doc. 46, pp. 12– 13.) As explained above, the Court will only set aside the June 24, 2021 Order if it was clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Again, Plaintiff has failed to meet this high standard. Plaintiff's arguments center around his access to photocopying, which has not been granted in this case. Plaintiff has still not identified Defendant Jane Doe and has not used the other tools of discovery (requests for productions, interrogatories, etc.) that may permit him to identify her. More importantly, Plaintiff's Objections do not show the Magistrate Judge's Order is clearly erroneous or contrary to law.

If Plaintiff avails himself of the discovery procedures laid out in the Magistrate Judge's October 14, 2021 Order and identifies Defendant Doe after providing the Post-it note to Defendants, Plaintiff may move to amend his Complaint at that time. However, at this time, no extension is warranted. Accordingly, the Court **DENIES** this portion of Plaintiff's Motion for Reconsideration and **OVERRULES** his Objections.

## CONCLUSION

For the above-stated reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration and **OVERRULES** Plaintiff's Objections. (Docs. 46, 55.) The Magistrate Judge's June 24, 2021 Report and Recommendation remains the Order of the Court and the Magistrate Judge's June 24, 2021 Order is affirmed. (Docs. 29, 31, 43.)

**SO ORDERED**, this 3rd day of November, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA