IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:20-cv-90 |
| v. | |
| SHERRY BLAND, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiff's Motion for 28 U.S.C. § 1292(b) Certificate of Appealability. Doc. 77. Plaintiff asks this Court to enter a certificate of appealability of the Court's October 14, 2021 Order granting Defendants' Motion to Compel. Id. Plaintiff contends the matter is immediately appealable for the same reasons set forth in his objections to the Motion to Compel, doc. 69, motion for reconsideration, doc. 72, and motion to stay pending appeal, doc. 73.[1] Section 1292(b) requires the appealing party to demonstrate: "(1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiff fails to identify a controlling question of law over which there is a substantial ground for difference of opinion among courts as is required under Section 1292(b). Indeed, Plaintiff has not identified any question of law which is in dispute.

---

[1] The Court has already denied Plaintiff's motion for reconsideration and motion to stay. Doc. 78.

Further, discovery disputes are not a controlling question of law that form the basis upon which a certificate of appealability may be entered. A controlling question of law is one that is both controlling and purely legal. A question is controlling when it is "outcome determinative." Javier Rivera v. Sellers, No. CV 113-161, 2019 WL 2583634, at *3 (S.D. Ga. June 21, 2019) (citing E.A. Renfroe & Co. v. Rigsby, No. 06-AR-1752, 2008 WL 11375424, at *2 (N.D. Ala. Jan. 17, 2008). Discovery-related issues are not controlling because they are not dispositive. Id. (citing Scoggins v. Floyd Healthcare Mgmt., No. 4:14-CV-0274, 2016 WL 11544903, at *3 (N.D. Ga. Apr. 4, 2016).

To the extent Plaintiff argues the collateral order doctrine implicates a controlling question of law, the argument fails. Plaintiff contends the collateral order doctrine applies because the Court's Order would require him to turn over privileged attorney-client communication in other cases, including his criminal case. Doc. 73 at 20. The Court's Order does not require Plaintiff to disclose any privileged communication. Moreover, even if disclosure of privileged communication were at issue, the Eleventh Circuit Court of Appeals has held an order requiring disclosure of such privileged communications is not interlocutory appealable when the privilege holder is a party to the litigation who could appeal after final judgment. Drummond Co., Inc. v. Terrance P. Collingsworth, Conrad & Scherer, LLP, 816 F.3d 1319, 1323 (11th Cir. 2016). In this case, Plaintiff is the privilege holder and is also party to the litigation.

Accordingly, the Court **DENIES** Plaintiff's Motion for 28 U.S.C. Certificate of Appealability. Plaintiff is again reminded of his obligation to comply with the Court's October 14, 2021 Order. As he cannot appeal this Order on an interlocutory basis, there is no justification

for any delay in complying with it.  **Plaintiff's failure to comply may result in sanctions, including dismissal of his case.**

**SO ORDERED**, this 18th day of November, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA