## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:20-cv-90 |
| v. | |
| SHERRY BLAND, et al., | |
| Defendants. | |

## ORDER AND REPORT AND RECOMMENDATION

The matter is before the Court on various Motions Plaintiff has filed. See Docs. 89, 108, 109, 110, 112, 114, 115.[1]  In these Motions, Plaintiff asserts he is being wrongfully kept from his legal materials as retaliation by Warden Adams for reporting his inability to access legal materials to the Court. See, e.g., Doc. 89 at 2–8.  Plaintiff seeks a preliminary injunction which would allow him to keep his legal materials in his cell, or, in the alternative, to allow him "readily available" access to legal materials outside his cell.  Doc. 109 at 3.  Plaintiff further requests two evidentiary hearings: one on the matter of his access to legal materials, and the other on a matter related to his alleged possession of contraband in Smith State Prison.[2] Doc. 110.  For the following reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motions for Access to Legal Materials and **DENY as moot** Plaintiff's Motions for a Status Conference.

---

[1]     Plaintiff also requests a stay in one of the Motions for Access to Legal Materials.  Doc. 115.  The request for a stay has been addressed in a separate Order.  Doc. 121.

[2]     Plaintiff asserts he was wrongfully accused of possessing contraband on February 16, 2022. Doc. 109.  Aside from the fact this matter is completely outside of the scope of the instant case, Plaintiff must exhaust all administrative remedies before bringing the matter to federal court.  See Jones v. Bock, 549 U.S. 199, 202 (2007).

Docs. 89, 108, 109, 110, 112, 114, 115.

To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). However, the persons from whom the injunctive relief is sought must be parties to the underlying action.  Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1304 (11th Cir. 2012).  In the instant case, Plaintiff is suing the Clerks and former Clerks of Tattnall County Superior Court.  Doc. 30. Warden Adams, from whom Plaintiff seeks injunctive relief, is not and has never been a listed Defendant.  Even if Plaintiff could meet all four factors to be entitled to a preliminary injunction, the Motion would be due to be denied since Warden Adams is not named in this suit.

Plaintiff argues the Court has inherent power under Federal Rule of Civil Procedure 26 to issue the relief he requests.  Doc. 109 at 3.  Plaintiff fails to cite any caselaw supporting his position, and the Court has not identified any at this time.  To the contrary, the United States Supreme Court has recognized courts should be apprehensive about becoming involved in the affairs of prison management.  See, e.g, Thornburgh v. Abbott, 490 U.S. 401, 407–08 (1989) (noting the judiciary is "ill-equipped to deal with the difficult and delicate problems of prison management" and acknowledging considerable deference to the determinations of prison administrators).  Even if the Court had the authority to order Plaintiff's requested injunctive relief, Plaintiff has not demonstrated a need for such extraordinary action in these circumstances. Plaintiff is still able to file motions with the Court, even when he was on lockdown for alleged possession of contraband.  See Doc. 109 at 1.  Additionally, Plaintiff concedes he is permitted to

possess some of his legal materials in his cell and is provided some access to his stored legal material.  Id. at 2.  Plaintiff simply believes the access he has is unsatisfactory.

Thus, I **RECOMMEND** the Court **DENY** Plaintiff's Motions for Access to Legal Materials.  Since I have resolved the bases of Plaintiff's requests for status conferences, I further **DENY as moot** Plaintiff's Motions for a Status Conference.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 27th day of April, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA