IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Plaintiff,

v.

SHERRY BLAND, et al.,

    Defendants.

CIVIL ACTION NO.: 6:20-cv-90

**O R D E R**

The matter is before the Court on Plaintiff's Motion to Recuse Magistrate Benjamin W. Cheesbro. Doc. 131. Plaintiff asserts the undersigned revealed his bias and partiality against Plaintiff on two occasions: (1) when he denied Plaintiff's unopposed motions for subpoenas; and (2) when he entered an Order to compel production before addressing Plaintiff's motion for access to legal materials. Id. at 4–5. Plaintiff further accuses the undersigned of "rubberstamp-denying" all of Plaintiff's motions in this and another case before this Court. Id. at 3. For the following reasons, I **DENY** Plaintiff's Motion to Recuse.

Recusal is governed by 28 U.S.C. §§ 144 and 455. Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012). Under § 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). Under § 455(a), a judge must disqualify himself

if his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Any doubts must be resolved in favor of recusal. United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).

Plaintiff fails to show any of the grounds that would require the undersigned to recuse himself. Plaintiff views the denials of his motions and other examples of routine docket management as evidence of bias against him. However, generally, judicial rulings "cannot serve as the basis for recusal or cast doubts on impartiality unless [the moving party] establishes pervasive bias and prejudice." Jones, 459 F. App'x at 811 (citing United States v. Archbold-Newball, 554 F.2d 665, 682 (5th Cir. 1977)). Moreover, Plaintiff's Motion fails to: (i) establish pervasive judicial bias or prejudice against Plaintiff; (ii) demonstrate deep-seated or unequivocal antagonism rendering fair judgment impossible; or (iii) otherwise raise an objective doubt about the assigned judge's impartiality. See Liteky v. United States, 510 U.S. 540, 555–56 (1994). Accordingly, recusal by the undersigned is not warranted. Thus, I **DENY** Plaintiff's Motion for Recusal.

**SO ORDERED**, this 7th day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA