IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, <br><br>      Plaintiff, <br><br>    v. <br><br>SHERRY BLAND, et al., <br><br>      Defendants. | CIVIL ACTION NO.: 6:20-cv-90 |

**REPORT AND RECOMMENDATION**

The matter is before the Court on Plaintiff's two Motions for Contempt. Docs. 90, 143. In both Motions, Plaintiff asks the Court to hold Smith State Prison ("SSP") officials in contempt for failing to comply with the Court's October 14, 2021 and November 9, 2021 Orders. Doc. 90 at 1. Plaintiff's second Motion largely duplicates the first but addresses some additional information concerning events from December 2021 to April 27, 2022. See Doc. 143 at 8–9; Docs. 67, 78. For the foregoing reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motions for Contempt.

**BACKGROUND**

Plaintiff's Motions for Contempt arise from an ongoing discovery dispute involving the parties to this litigation, as well as non-party prison officials at SSP. Plaintiff has been housed at SSP since approximately October 22, 2020, just after he initiated this litigation, and he remains housed at SSP. Doc. 5. To be clear, Plaintiff's claims in this action do not relate in any way to his conditions of confinement at SSP, and Plaintiff has not named any SSP official as a Defendant in this case. Nonetheless, Plaintiff has repeatedly complained in this litigation that

SSP officials have interfered with his ability to litigate this case. As a result, Plaintiff has asked the Court to order SSP officials to provide certain accommodations to facilitate his ability to litigate this case. See Doc. 13 (request for the Court to order SSP to provide access to photocopying); Doc. 59 (request for the Court to order SSP officials to deliver certain notices to Plaintiff); Doc. 89 (request for the Court to order SSP officials to provide access to stored electronic materials).

Defendants served their first discovery requests in March 2021. Doc. 33. In June 2021, Defendants filed a motion to compel, asking the Court to order Plaintiff to produce documents responsive to their requests. Id. In response, Plaintiff argued he could not provide the requested documents because he did not have access to photocopying at SSP, and, therefore, could not provide copies of the requested documents. Doc. 48. In August 2021, the Court held a conference with the parties in an effort to resolve the issue. Defendants agreed to visit SSP to copy Plaintiff's documents. However, when Defendants went to SSP to copy the documents, Plaintiff refused to hand over the materials to Defendants' counsel (through an SSP guard) for copying, arguing he could not trust the SSP officials to deliver and return the materials or allow the documents to be copied outside of his presence.

In an Order issued on October 14, 2021, the Court rejected Plaintiff's justification for refusing to hand over the documents, granted Defendants' motion to compel, and ordered Plaintiff to hand the documents over to Defendants' counsel for copying. Doc. 67. In addition to the directives to Plaintiff, the October 14, 2021 Order directed SSP officials to allow Plaintiff access to his stored legal materials so Plaintiff could collect and identify documents responsive to Defendants' discovery requests. Id. at 3–4.

Plaintiff moved for reconsideration of the October 14, 2021 Order. Doc. 72. The Court

denied Plaintiff's motion for reconsideration in an Order issued on November 9, 2021. Doc. 78. In his motion for reconsideration, Plaintiff explained he had responsive materials in the form of audio recordings, stored in flash media drives, along with other legal material. Doc. 72 at 7–16. In discussing the audio recordings, the Court explained Plaintiff could provide the device containing the responsive audio to Defendants' counsel for copying or Defendants' counsel could provide a blank flash drive to Plaintiff so Plaintiff could copy the files himself. Doc. 78 at 10. In the November 9, 2021 Order, the Court expressly rejected Plaintiff's request for the Court to order SSP officials to provide Plaintiff access to photocopying or to facilitate Plaintiff's presence while Defendants' counsel made the requested copies. In his motion for reconsideration, Plaintiff also asked the Court to order SSP to allow Plaintiff to copy his audio recordings himself. Doc. 72 at 20. The Court neither granted nor denied that request, but, instead, stated: "An additional order to this effect is not necessary, as it is already encompassed in the directive to [SSP] to permit Plaintiff to 'access his legal materials so he can collect and identify responsive documents.'" Doc. 78 at 11 n.8 (citing the October 14, 2021 Order).

Plaintiff has now filed two Motions for Contempt. Docs. 90, 143. The two Motions are largely duplicative. Plaintiff makes a number of unsupported allegations that the SSP warden and other officials have retaliated against him in various ways (ostensibly for Plaintiff challenging the warden about Plaintiff's conditions of confinement). Plaintiff claims SSP officials have: refused to provide Plaintiff with the password to the law library computer, despite Plaintiff's requests; limited Plaintiff's stapler access to a light-duty stapler, instead of a heavy-duty one; removed a table and chair from Plaintiff's cell; reduced Plaintiff's law library time and time to review stored electronic legal materials (though not eliminating it); and interfered with Plaintiff's ability to copy certain electronic files responsive to Defendants' discovery requests on

to a blank flash drive provided by Defendants' counsel.  Doc. 90 at 2–8.

Although Plaintiff devotes much of his filings to his various grievances about purported retaliation by SSP officials, only one action—SSP officials interfering with Plaintiff's ability to copy audio files responsive to Defendants' discovery requests on to a flash drive provided by Defendants' counsel—is germane to Plaintiff's requests for the Court to find the SSP officials in contempt.  Plaintiff asserts Defendants' counsel sent a blank flash drive to Plaintiff at SSP for the purposes of facilitating Plaintiff's production of the audio files.[1]  Doc. 90 at 9.  Plaintiff states he received the flash drive on November 23, 2021, and that, initially, the SSP warden refused to let Plaintiff access the flash drive.  Id.  Plaintiff states one day later, on November 24, 2021, the SSP warden said he had directed other SSP officials to make the blank flash drive available to Plaintiff in the law library along with Plaintiff's legal materials, though Plaintiff claims this was not true.  Doc. 143 at 7.  Plaintiff asserts he was not provided with a password for the law library computer; therefore, he could not transfer the audio files from his own device to the blank flash drive.[2]  Doc. 90 at 9.  Plaintiff argues the SSP officials' conduct regarding the flash drive and the law library computer violates the Court's October 14, 2021 and November 9, 2021 Orders and the violations warrant holding the SSP officials in contempt.

---

[1]  While the original discovery dispute concerned Plaintiff's access to documents in his legal materials, all indications are the parties have resolved any issues related to Plaintiff's production of documents, and the only outstanding issue concerns Plaintiff's production of the audio files.  See Doc. 117 (Defendants indicating outstanding issues pertained only to the production of audio files); Doc. 126 (Defendants' motion for sanctions based solely on Plaintiff's failure to produce the audio files); Doc. 120 (During telephonic status conference on April 20, 2022, counsel for Defendants represented they had visited SSP to copy all responsive documents provided by Plaintiff).

[2]  The current location of the blank flash drive is unclear.  Plaintiff asserts the SSP warden was storing the flash drive provided by Defendants' counsel and Plaintiff's own flash drives, but Plaintiff fails to state where the devices are currently stored.  Doc. 143 at 13.  Though Plaintiff does allege that, for some weeks in April 2022, the SSP warden assured Plaintiff would get access to the devices, the warden failed to actually provide that access.

**LEGAL STANDARD**

Plaintiff, in his Motions for Contempt, cites no statute, rule, caselaw, or other authority in support of the request for holding SSP in contempt. Docs. 90, 143. Liberally construing Plaintiff's Motions, the Court understands Plaintiff's request to arise under Federal Rule of Civil Procedure 37(b)(2)(A)(vii), which states the court may issue "further just orders" for a party's failure to obey an order and those "just orders" may include treating the failure to obey the order as contempt of court.[3]

For civil contempt, a party seeking the contempt order "bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992) (citing Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991)); see also Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002) (A civil contempt finding requires clear and convincing evidence establishing a defendant willfully disregarded a valid, clear, and unambiguous court order.); Zow v. Regions Fin. Corp., 595 F. App'x 887, 889 (11th Cir. 2014) (discussing sanctions under Rule 37(b)(2)(A) for disregard of discovery related orders and application of contempt standard). "This burden of proof is more exacting than the preponderance of the evidence standard but, unlike criminal contempt, does not require proof beyond a reasonable doubt." Jordan v. Wilson, 851 F.2d 1290, 1292 (11th Cir. 1988). Once that threshold is met, the burden shifts to the alleged contemnor to explain his non-compliance. Citronelle-Mobile, 943 F.2d at 1301. "The burden shifts back to the initiating party only upon a sufficient showing by the alleged contemnor. The party seeking

---

[3] There is no indication Plaintiff is asking the Court to hold SSP in criminal contempt. Such a request would raise additional complications. See Fed. R. Crim. P. 42 (regarding procedures associated with criminal contempt). Moreover, such a request would fail on the merits for reasons explained in this Report.

5

to show contempt, then, has the burden of" disproving the explanation of non-compliance. Commodity Futures, 950 F.2d at 1529 (citing Combs v. Ryan's Coal Co., 785 F.2d 970, 984 (11th Cir. 1986), *cert. denied*, 479 U.S. 853 (1986)).

## ANALYSIS

Plaintiff's Motions for Contempt fail for several reasons, but the most obvious is because Plaintiff has failed to show SSP officials violated this Court's October 14, 2021 and November 9, 2021 Orders.[4]  The Court takes up each Order, and the SSP officials' alleged violations, in turn.

**I.      October 14, 2021 Order**

The Court's October 14, 2021 Order focused almost exclusively on Plaintiff's obligation and ability to produce documents in response to Defendants' requests for production.  Doc. 67.  In that Order, the Court observed Plaintiff is incarcerated, had limited or no access to photocopying, and had documents responsive to Defendants' discovery requests.  The Court considered Plaintiff's unwillingness to hand over documents to Defendants' counsel for copying.  The Court rejected Plaintiff's arguments and ordered him to provide the documents to Defendants' counsel so the documents could be copied and then returned to Plaintiff.  Thus, the bulk of the October 14, 2021 Order concerned Plaintiff's opposition to providing his original documents to opposing counsel for copying and the Court's rejection of Plaintiff's arguments.

In the last paragraph of the October 14, 2021 Order, the Court directed SSP officials to help facilitate Plaintiff's compliance with the Court's directives.  The Order states:

> [SSP] is **DIRECTED** to permit Plaintiff access to his legal materials so he can collect and identify responsive documents, facilitate the exchange of documents

---

[4]     Plaintiff's Motions raise concerns about jurisdiction, the applicability of Rule 37, and due process protections, given that SSP officials are not parties to this action and it appears they have not been served with Plaintiff's Motions.  However, because the Motions lack all substantive merit, it is not necessary to address these other complications.

> **within 30 days of the Court's Order**, and provide Defendants' counsel space to scan or photocopy the documents **within 45 days of the Court's Order**.

Doc. 67 at 4 (emphases in original).  This is the sum total of the language concerning SSP officials.  Plaintiff contends SSP officials violated this portion of the October 14, 2021 Order and the violation constitutes contempt of Court.

Plaintiff has not shown SSP officials have violated the October 14, 2021 Order in any way.  Plaintiff argues SSP officials violated this Court's Orders by: (1) delaying delivery of a blank flash drive provided by Defendants so Plaintiff could copy his audio recordings; and (2) failing to provide access to a law library computer so Plaintiff could copy the audio files on to the flash drive.  Doc. 143 at 7, 13.  The October 14, 2021 Order did not require SSP officials to do anything relating to the flash drive provided by Defendants or regarding access to the prison law library computer for copying the audio files.  This is for good reason—at the time of the October 14, 2021 Order, the issues before the Court primarily concerned Plaintiff's documents and his ability to provide copies of those documents.  Indeed, Defendants had not provided any flash drive to Plaintiff prior to the October 14, 2021 Order.  Therefore, the only direction to SSP officials concerned the officials giving Plaintiff access to his legal materials, facilitating the exchange of documents between Plaintiff and Defendants' counsel, and providing Defendants' counsel space to copy the documents.  Plaintiff has not shown SSP officials failed to perform any of these tasks.  To the contrary, all indications are Plaintiff was provided access to the documents in his legal materials, he identified and collected responsive documents, and he then provided those documents to Defendants' counsel for copying.  Plaintiff has not shown any violation by SSP officials of the Court's October 14, 2021 Order.

**II.     November 9, 2021 Order**

Plaintiff also argues SSP officials violated the Court's November 9, 2021 Order.  The

7

November 9, 2021 Order ruled on Plaintiff's motion for reconsideration of the Court's October 14, 2021 Order. Doc. 72. Among other things, Plaintiff argued the October 14, 2021 Order needed to be revisited because Plaintiff was unwilling to provide his responsive documents to SSP prison guards so they could then be provided to Defendants' counsel for copying. The Court rejected that argument and ordered Plaintiff to provide his responsive documents to the appropriate prison guard so the documents could then be provided to Defendants' counsel.[5]

In addition, Plaintiff raised concerns about to his ability to produce the audio files stored in his legal materials.[6] Plaintiff insisted he could only produce the responsive audio files if he had access to the files and the technological capability to copy the files himself. Plaintiff argued the responsive audio files were comingled with other files related to other cases and he believed it would be unacceptable to provide the complete flash drives to Defendants' counsel for copying. Plaintiff expressly asked the Court to order SSP officials to provide Plaintiff with access to a computer so he could copy the audio files himself.

The Court considered and rejected Plaintiff's arguments regarding the copying of audio files. The Court explained, "Plaintiff can simply direct Defendants' counsel which audio files on [Plaintiff's] flash drive to copy by providing counsel with the name of the relevant files." Doc. 78 at 10. In other words, the Court ordered Plaintiff to handle the audio files in essentially

---

[5] As noted previously, everything in the record indicates the document-production issue has been resolved. In other words, it appears Plaintiff was able to access his legal materials to identify and collect responsive documents and he provided those to SSP prison guards, who then provided the documents to Defendants' counsel, who then copied and returned the documents. Plaintiff has not made any allegations or provided any evidence this did not occur.

[6] It appears issues related to the audio files were first brought to the Court's attention on October 8, 2021, when Defendants filed a status report. Doc. 65. The audio files were only mentioned in passing in that report, and it did not appear, at that time, there were unique issues related to the production of the audio files. Therefore, the Court's October 14, 2021 Order did not address the audio files. It was not until Plaintiff's motion for reconsideration that the audio-file issue was fully presented.

the same manner as the documents: hand over the flash drive containing the files to Defendants' counsel (via a prison guard) so Defendants' counsel could copy the files and then return the flash drive to Plaintiff.  The Court also permitted—but did not require—Defendants to provide Plaintiff with a blank flash drive on to which he could copy the responsive audio files himself. Id. at 9 n.7.  The Court declined to order SSP officials to give Plaintiff access to a computer so he could copy the audio files himself.  The Court stated, "An additional order to this effect is not necessary, as it is already encompassed in the directive to Smith State Prison to permit Plaintiff to 'access his legal materials so he can collect and identify responsive documents.'" Id. at 10 n.8 (quoting the October 14, 2021 Order).

Plaintiff has not shown SSP officials violated the November 9, 2021 Order in any way. As an initial matter, the November 9, 2021 Order did not, on its face, require SSP officials to do or not do anything.  Instead, in the November 9, 2021 Order, the Court denied Plaintiff's motion for reconsideration and explained Plaintiff was required comply with the October 14, 2021 Order by providing his documents and audio files to Defendants' counsel for copying, including by providing those items to prison guards so the guards could to transfer the items to Defendants' counsel.  Because the November 9, 2021 Order did not require SSP officials to do or not do anything, it is impossible for SSP officials to have violated that Order or to be held in contempt of Court for violating the Order.

Plaintiff, however, focuses on the language in the November 9, 2021 Order concerning production of the audio files in which the Court allowed Defendants' counsel to provide Plaintiff with a blank flash drive for copying the audio files.  Plaintiff argues SSP officials violated this portion of the Order by delaying delivery of the blank USB drive provided by Defendants by one day and by failing to provide access to a law library computer so Plaintiff could copy the audio

9

files.  Doc. 143 at 7, 13.  Again, the November 9, 2021 Order did not require SSP officials to do anything.  Even if it had, delaying delivery of the blank flash drive by one day is inconsequential, particularly given that the November 9, 2021 Order established no deadlines related to the production of the audio files and because Plaintiff has not alleged any prejudice from the delay.

Plaintiff places great weight on the language in footnote 8 of the November 9, 2021 Order where the Court stated, "An additional order [permitting Plaintiff to copy the file himself] is not necessary, as it is already encompassed in the directive to Smith State Prison to permit Plaintiff to 'access his legal materials so he can collect and identify responsive documents.'" Doc. 78 at 10 n.8 (quoting the October 14, 2021 Order).  Plaintiff contends this language required SSP officials to give him access to a computer so he could copy the audio files himself. This language does not obligate SSP officials to provide Plaintiff with access to a computer.  The language expressly declines to issue the order Plaintiff requested.  Moreover, this portion of the November 9, 2021 Order relates only to the alternative mechanism for production, which was permitted but not required (i.e., allowing Plaintiff to copy the files himself).  The body of the Order emphasizes Plaintiff could comply with the October 14, 2021 Order by providing his flash drive to Defendants' counsel and identifying the responsive files for copying on that drive, even if that meant providing the drive to prison guards for transfer to Defendants' counsel.  Given the language in footnote 8 concerned a permissible alternative and focused on options the parties were allowed to pursue to resolve the issue, SSP officials could not have violated these portions of the November 9, 2021 Order.

At most, the language in footnote 8 is ambiguous.  This language indicates the Court's October 14, 2021 Order required SSP officials to ensure Plaintiff had access his legal materials, which could reasonably be construed to mean Plaintiff should be provided physical access to his

stored legal materials, including the flash drive containing the audio files. Perhaps one could construe that language to mean SSP officials were required to provide Plaintiff with a computer to access the flash drive (i.e., a device to access the device), but that was not the Court's intent, and it is not obvious from the language of either the October 14, 2021 Order or the November 9, 2021 Order. Because these Orders did not clearly, definitely, or unambiguously require SSP officials to provide Plaintiff with access to a computer, SSP officials cannot be held in contempt for failing to provide Plaintiff with computer access. See Riccard, 307 F.3d at 1296 ("In determining whether a party is in contempt of a court order, the order is subject to reasonable interpretation, though it may not be expanded beyond the meaning of its terms absent notice and an opportunity to be heard.").

Finally, even if the Orders required SSP officials to provide Plaintiff with computer access so he could copy the audio files to that drive—and the Orders plainly did not—Plaintiff does not show by clear and convincing evidence SSP officials willfully disregarded the Order. See McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000). Plaintiff's filings demonstrate, at most, negligence, but no willful disobedience. The SSP law librarian informed Plaintiff he could not access the law library computer before getting a new password from the SSP operations analyst. See Doc. 143 at 12. Plaintiff asked the SSP warden to have the SSP operations analyst provide the password to the law librarian. Id. The warden said he would but did not do so until April.[7] Id. at 13. This is not clear and convincing evidence of willful disobedience. At most, it shows SSP officials working to provide Plaintiff with the computer

---

[7] Plaintiff's position is somewhat unclear, but it appears Plaintiff now has access to the law library computer and has since April 2022. If that is correct, it would appear Plaintiff's request for the Court to hold SSP officials in contempt arises only from delay in providing computer access and not from outright refusal to provide access. Again, the Court emphasizes Plaintiff has the burden to show contempt by clear and convincing evidence. He has not done so here.

11

access he desires but with some delay.  Plaintiff's submissions falls far short of the making the showing required to support a finding SSP officials are or were in contempt of Court.

In sum, Plaintiff has not shown SSP officials willfully violated any Court Order which would justify holding those officials in contempt.  Accordingly, I **RECOMMEND** the Court **DENY** the Motions for Contempt.  Docs. 90, 143.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motions for Contempt.  Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of August, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA