IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:20-cv-90 |
| v. | |
| SHERRY BLAND, et al., | |
| Defendants. | |

## ORDER AND REPORT AND RECOMMENDATION

The matter is before the Court on Defendants' Motion for Sanctions, doc. 126, and three of Plaintiff's Motions, docs. 142, 144, 175. For the following reasons, I **RECOMMEND** the Court **DENY** Defendants' Motion for Sanctions, doc. 126. I also **RECOMMEND** the Court **DENY** Plaintiff's Second and Third Motions for Access to Legal Materials, docs. 144, 175, which the Court construes as Motions for Reconsideration of a previous Order. I also **DENY** Plaintiff's Motion for Extension of Time, doc. 142, and **ORDER** Plaintiff to provide his flash drive and a list of files to be copied to Defendants' counsel within 14 days.

## BACKGROUND

This Order and Report concerns a discovery dispute over Plaintiff's failure to produce audio recordings of telephone calls, which the parties contend are germane to Plaintiff's claims. Defendants served their first interrogatories and requests for production in March 2021. Doc. 33. Plaintiff alerted Defendants to the existence of the audio recordings in his response to Defendants' first interrogatories. Doc. 33-5 at 6. In response to Defendants' first requests for

production, Plaintiff stated he would be willing to provide the audio recordings, along with paper documents, but was unable to do so at that time. Doc. 33-6 at 3.

In June 2021, Defendants filed a motion to compel, asking the Court to order Plaintiff to produce certain documents responsive to their requests. Doc. 33. Defendants did not mention the audio recordings in their motion. Plaintiff responded in opposition to the motion, arguing he did not have access to photocopying at Smith State Prison ("SSP"), and, therefore, could not provide copies of the requested documents. Doc. 48. In his response, Plaintiff did not mention the audio recordings. In August 2021, the Court held a telephonic conference with the parties in an effort to resolve the issue. The audio recordings were not discussed during the conference. Defendants agreed to visit SSP, where Plaintiff is incarcerated, to make copies of Plaintiff's hardcopy documents. However, when Defendants went to SSP, Plaintiff refused to hand over the materials to Defendants' counsel (through an SSP guard), stating he did not trust the SSP officials to deliver and return the materials, and refused to allow the documents to be copied outside of his presence.

On October 14, 2021, I issued an Order rejecting Plaintiff's justification for refusing to hand over the documents, granted Defendants' motion to compel, and ordered Plaintiff to provide the documents to Defendants' counsel for copying, even if that meant providing the documents to a prison guard first. Doc. 67. In that Order, I directed SSP to ensure Plaintiff had access to his stored legal materials so he could collect and identify documents responsive to Defendants' discovery requests. Id. at 3–4.

Plaintiff moved for reconsideration of the October 14, 2021 Order. Doc. 72. In his motion for reconsideration, Plaintiff discussed the hardcopy documents, but he also stated he had responsive audio recordings, stored in flash media drives, along with his other legal materials.

2

Doc. 72 at 7–16.  This was the first time the audio recordings were brought to the Court's attention.

The Court denied Plaintiff's motion for reconsideration.  Doc. 78.  In discussing the audio recordings, I explained Plaintiff could provide the device containing the responsive audio to Defendants' counsel for copying or Defendants' counsel could provide a blank flash drive to Plaintiff so Plaintiff could copy the files himself.  Doc. 78 at 10.  I expressly rejected Plaintiff's request for the Court to order SSP officials to provide Plaintiff access to photocopying or to facilitate Plaintiff's presence while Defendants' counsel made copies of Plaintiff's hard copy documents.  Id. at 10–11.  Plaintiff also asked the Court to order SSP to give Plaintiff access to a computer so he could copy the audio recordings himself.  Doc. 72 at 20.  The Court neither granted nor denied that request but, instead, observed in passing: "An additional order to this effect is not necessary, as it is already encompassed in the directive to [SSP] to permit Plaintiff to 'access his legal materials so he can collect and identify responsive documents.'"  Doc. 78 at 11 n.8 (referring to the Oct. 14, 2021 Order, doc. 67 at 4).[1]

---

[1] Plaintiff has filed several motions and objections based on the language in the October 14, 2021 Order, doc. 67 at 4, and the November 9, 2021 Order, doc. 78 at 11 n.8.  Plaintiff insists the language in these Orders shows the Court has inherent authority to order SSP to facilitate Plaintiff's participation in this litigation and the Court has, in fact, ordered SSP to provide Plaintiff with all his preferred access to legal materials and technology.  Plaintiff puts far too much weight on the language in these Orders.  The language in the October 14, 2021 Order pertained only to the production of hardcopy documents.  Regardless of the scope of the Court's inherent authority, SSP facilitated production of those documents, and the issue has been resolved.  As to the audio files, I declined to grant Plaintiff's request for access to a computer in the November 9, 2021 Order.  I observed Plaintiff's access to legal materials generally would likely also include access to technology to review and copy the audio files.  However, it is unclear if Plaintiff does, in fact, have access to such technology.  To the extent Plaintiff still asks the Court to order SSP to provide him with access to a computer to copy the audio files, I **DENY** that request.  As with his previous requests for preliminary injunctions, Plaintiff fails to establish the elements necessary for the issuance of an injunction.  To the extent Plaintiff asks the Court to exercise its inherent authority to issue the requested order, I reject that request.  Even assuming the Court has the inherent authority to issue such an order, Plaintiff has not shown the requested order is necessary to the administration of justice, given that there are other ways Plaintiff can produce the audio files.  To the extent there is any remaining ambiguity concerning the language in the October 14, 2021 Order and the November 9, 2021 Order, I will clarify: SSP and its officials are not under any unique obligation, imposed by this Court in this litigation,

Several months later, on April 14, 2022, Defendants filed a status report, informing the Court Plaintiff still had not produced the audio recordings. Doc. 117. After hearing from the parties at a telephonic status conference on April 20, 2022, the Court ordered Plaintiff to provide the recordings to Defendants by May 11, 2022. Doc. 124. I gave Defendants permission to file a motion and request sanctions if the recordings were not turned over by that date. Id.

Defendants state Plaintiff did not provide the audio files by the May 11, 2022 deadline and seek dismissal of Plaintiff's case as a sanction. Doc. 126. Plaintiff opposes this request. Doc. 147. Plaintiff blames his non-compliance on SSP officials, stating those officials have not given him access to his legal materials or the equipment necessary to provide the audio files—including the blank flash drive provided by Plaintiff's counsel. Doc. 147. Plaintiff also asks for an extension of time to comply with the April 20, 2022 Order, though that request is more accurately a request for Plaintiff to be excused from his obligation to produce the audio files until the Court orders SSP officials to facilitate Plaintiff's production of the files. Doc. 142. Additionally, Plaintiff asks—yet again—for the Court to order SSP to provide Plaintiff with more access to his legal materials.[2] Doc. 144.

---

to provide Plaintiff with any specific access to technology or legal materials going forward. Additionally, Plaintiff has not demonstrated any SSP official has violated any Order issued by this Court in this case. To be clear, going forward, SSP may be obligated to provide certain access to Plaintiff based on the Constitution or other legal authorities, and nothing in this Order should suggest SSP is allowed to improperly deny such access.

[2]  Two of Plaintiff's filings are captioned as the Second and Third "Supplemental Motion[s] for Access to Legal Materials." Docs. 144, 175. The Court has already denied largely identical requests. See Docs. 125, 128. Plaintiff does not identify any new facts or authority that would require the Court to reverse its previous ruling. Therefore, I **RECOMMEND** the Court **DENY** Plaintiff's Second and Third "Supplemental Motion[s] for Access to Legal" for the same reasons the Court denied Plaintiff's earlier requests.

## LEGAL STANDARD

The Court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). The Rule allows the Court to "dismiss the action or proceeding or any part thereof" to remedy a Rule 37(d) violation. Fed. R. Civ. P. 37(b)(2)(C). The Eleventh Circuit has held that "dismissal under Rule 37 is an extreme remedy and should not be imposed if lesser sanctions would suffice." Mills v. Anderson, No. CV606-88, 2008 WL 80303, at *1 (S.D. Ga. Jan. 7, 2008) (quoting Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988)). "A district court may dismiss a case under Rule 37 when: (1) a party acts in bad faith or willfully; and (2) lesser sanctions will not suffice." Lavalle v. One Buckhead Loop Condo. Assoc., Inc., Civil Action File No. 1:08-cv-3678, 2009 WL 10711903, at *10 (N.D. Ga. Oct. 2, 2009) (citing Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542(11th Cir. 1993), and Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986)).

"In determining whether lesser sanctions will suffice, the presence or absence of willfulness is a relevant consideration." Cohran v. McPhearson, No. CV213-033, 2014 WL 317067, at *1 (S.D. Ga. Jan. 28, 2014); see also Reed v. Fulton Cnty. Gov't, 170 F. App'x 674, 675 (11th Cir. 2006) (holding dismissal with prejudice under Rule 37 is disfavored but appropriate when "Plaintiff's recalcitrance is due to willfulness, bad faith, or fault") (quoting Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993)). "The court retains the discretion to dismiss a complaint where the party's conduct amounts to a flagrant disregard and willful disobedience of the court's discovery orders." Hayes v. Toole, Civil Action No.: 616-cv-20, 2018 WL 1400974, at *2 (S.D. Ga. Mar. 20, 2018) (quoting Hashemi v. Campaigner Publ'g, Inc., 737 F.2d 1538, 1539 (11th Cir. 1984)).

**DISCUSSION**

Defendants argue dismissal is appropriate because Plaintiff failed to comply with a Court Order, even though he was warned his failure to comply could result in the dismissal of his case. Doc. 126 at 2. Plaintiff argues dismissal is inappropriate because SSP officials have not provided access to his electronic legal materials and, thus, it is not Plaintiff's fault he has failed to comply with the Court's Order. Doc. 147 at 8.

Plaintiff's argument is unconvincing. When Defendants' counsel was at SSP to photocopy Plaintiff's documents, they asked to copy the audio files from Plaintiff's flash drive. Doc. 72 at 14. Plaintiff refused because he did not want to hand the device over to a prison guard or to opposing counsel. Id. I determined Plaintiff's refusal to hand over his flash drive to Defendants' counsel to be improper. Doc. 78 at 10. I confirmed Plaintiff was required to hand over his flash drive to Defendants' counsel so counsel could copy the audio files. Id. To be sure, I described an alternative method for producing the audio files, explaining Defendants' counsel "may" provide Plaintiff with a blank drive on to which Plaintiff could copy the audio files himself. Id. at 10 n.7. Although the alternative method was permissible, it was not the only permissible method of production. Plaintiff was still required to hand over his flash drive to Defendants' counsel for copying if the alternative method was not feasible. The parties' briefing demonstrates Plaintiff cannot avail himself of the alternative approach because of his circumstances and the decisions made by the officials tasked with housing Plaintiff.

Consequently, Plaintiff remained obligated to hand over his flash drive to Defendants' counsel so counsel could copy the relevant files. Plaintiff has confirmed to the Court he has had access to his own flash drives during the relevant period, at least between April and July 2022. See Doc. 175 at 2. Plaintiff could have provided his flash drive to Defendants during that period

6

of time. Further, nothing on the record suggests Plaintiff cannot access his flash drive now or provide it to Defendants' counsel for copying. Plaintiff's failure to provide his flash drive to Defendants' counsel for copying, despite having access to that device, demonstrates Plaintiff has willfully refused to comply with the Court's Order.

Even so, dismissal is not appropriate at this point. Defendants' first motion to compel or the Court's Order granting the motion to compel did not address the audio recordings. See generally Docs. 33, 67.[3] Audio recordings were not contemplated until Plaintiff brought the issue up himself in his own motion for reconsideration. Doc. 72 at 7–16. The Court discussed the audio files in denying the motion for reconsideration, but only because Plaintiff brought up the matter. Although I determined Plaintiff's refusal to produce the audio files was meritless in the Order denying reconsideration, Defendants had not actually moved to compel Plaintiff to produce the audio files at that time. Thus, I **RECOMMEND** the Court **DENY** Defendants' Motion for Sanctions.

Nonetheless, the audio recordings must be produced to Defendants. Therefore, I **ORDER** Plaintiff to provide his flash drive and a list of files to be copied to Defendants' counsel within 14 days. Defendants' counsel must promptly return Plaintiff's flash drive once the relevant audio files have been copied. The Court will consider any renewed motions for sanctions if Plaintiff does not comply.

Plaintiff also moved the Court for an extension of time to comply with the April 27, 2022 Order. Doc. 142. Plaintiff specifically asks for the Court to provide him 14 days to comply with its April 27, 2022 Order *after* the Court orders SSP officials to provide Plaintiff access to his

---

[3] Defendants' Motion and the Court's Order focused on Plaintiff's hardcopy documents. Despite Plaintiff's various protestations, it appears he has not provided the requested hardcopy documents to Defendants.

electronic legal materials.  Id. at 5.  As explained above, the Court will not order SSP officials to provide Plaintiff with any specific access to his electronic legal materials or technology at this time.  Plaintiff is required to provide his flash drive and a list of files to be copied to Defendants' counsel within 14 days.  Thus, I **DENY** Plaintiff's Motion for Extension of Time.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DENY** Defendants' Motion for Sanctions, doc. 126.  I also **RECOMMEND** the Court **DENY** Plaintiff's Second and Third Motions for Access to Legal Materials, docs. 144, 175, which the Court construes as Motions for Reconsideration of a previous Order.  I also **DENY** Plaintiff's Motion for Extension of Time, doc. 142, and **ORDER** Plaintiff to provide his flash drive and a list of files to be copied to Defendants' counsel within 14 days.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of January, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA