IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Plaintiff,

v.

SHERRY BLAND, et al.,

    Defendants.

CIVIL ACTION NO.: 6:20-cv-90

## ORDER

Presently before the Court are Plaintiff's Objections to an Order and one Report and Recommendation and Defendants' Objections to a different Report and Recommendation. Docs. 174, 176, 185. For the foregoing reasons, the Court finds the Objections are without merit and **OVERRULES** Plaintiff's and Defendants' Objections.

I.   **Plaintiff's Objections to the Magistrate Judge's August 24, 2022 Report and Recommendation**

In his August 24, 2022 Report and Recommendation, the Magistrate Judge recommended the Court deny Plaintiff's motions for contempt for several reasons, but, most importantly, because Plaintiff could not show Smith State Prison ("SSP") officials willfully disregarded a Court Order. Doc. 171 at 11. An Order adopting the Report and Recommendation without objection was filed on September 14, 2022. Doc. 173. Plaintiff's Objections dated September 12, 2022, did not arrive until September 20, 2022. Doc. 174 at 12. The Court will now consider Plaintiff's Objections.

Plaintiff challenges several factual statements in the Magistrate Judge's Report. Doc. 174 at 6–8. These Objections are without merit. At most, Plaintiff attempts to recharacterize certain

facts in a light more favorable to himself. Even if the Court credited Plaintiff's factual "corrections," these alleged statements are immaterial to the resolution of Plaintiff's motions for contempt. Plaintiff failed to demonstrate SSP officials violated any unambiguous order, and, therefore, Plaintiff failed to establish a basis for a finding of civil contempt. See Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002) (indicating a party must show by clear and convincing evidence "the order was clear and unambiguous"). None of Plaintiff's Objections to the facts in the Magistrate Judge's Order would change this requirement.

Plaintiff also argues if his motions for contempt are denied, then the undersigned should enter an unambiguous order directing SSP to permit Plaintiff access to a computer and his electronic legal materials. Doc. 174 at 10–12. The Court declines to do so. Plaintiff has not shown such an order is appropriate or necessary for the administration of justice. Plaintiff has intermittently had access to his own flash drives containing the relevant audio files, which means Plaintiff could give Defendants' counsel those flash drives and direct counsel to the appropriate files. To the extent Plaintiff seeks a preliminary injunction, he has not established the elements necessary for the issuance of an injunction.

Peppered among Plaintiff's Objections are general complaints about how the Magistrate Judge has ruled in the case. See Doc. 174 at 8, 9–10, 10–11. As these are not specific objections to the Magistrate Judge's Report, the Court need not address them. The Court **OVERRULES** Plaintiff's Objections. Doc. 174. The September 14, 2022 Order remains the Order of the Court.

II. **Defendants' Objections to the Magistrate Judge's January 23, 2023 Report and Recommendation**

In his January 23, 2023 Report and Recommendation, the Magistrate Judge recommended the Court deny Defendants' Motion for Sanctions because the original motion to compel did not include the production of audio files. Doc. 184 at 7. Defendants object to the Report to the extent

2

it states Defendants did not seek to compel production of the audio files in their original motion. Doc. 185 at 3. Defendants assert they did address the audio recordings in their original motion to compel when they moved the Court to compel Plaintiff's responses to their discovery requests, specifically Request to Produce 4, that sought, among other things, all relevant "audiotapes." Id. at 2.

Defendants' Objections are without merit. Defendants did move for the Court to order a full response on their Request to Produce 4, which asked Plaintiff to produce identified audiotapes as one of the forms of discovery sought. Doc. 33 at 3. However, Defendants' motion to compel was a generalized motion, seeking answers to several requests, with no specific mention of any identified audio files. As a result, the Magistrate Judge's Order on the motion to compel focused on physical documents that would need to be photocopied. See generally Doc. 67. The Magistrate Judge ordered Plaintiff to "prepare and provide all documents responsive to Defendants' discovery requests for *scanning or photocopying*." Id. at 3 (emphasis added). Furthermore, Defendants' single, passing reference to "audiotapes" cannot reasonably be construed as raising a dispute about specific, identifiable digital audio files on Plaintiff's flash drives for the Court's consideration.

Even if Defendants did raise the issue of Plaintiff's audio files in their motion to compel, Defendants have not shown that raising the issue earlier would mean their motion for sanctions should be granted. Notably, in their motion for sanctions, Defendants ask the Court to dismiss Plaintiff's Complaint for failure to produce his audio files. The Eleventh Circuit Court of Appeals has held that "dismissal under Rule 37 'is an extreme remedy and should not be imposed if lesser sanctions will suffice.'" Mills v. Anderson, No. CV606-88, 2008 WL 80303, at *1 (S.D. Ga. Jan. 7, 2008) (quoting Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988)). The Magistrate Judge recommends Defendants' request for dismissal should be denied and contemporaneously ordered

3

Plaintiff to provide his flash drive containing the audio files to Defendants' counsel for copying. This recommendation and directive to Plaintiff demonstrates lesser sanctions suffice as a remedy for Plaintiff's discovery violation. See Fed. R. Civ. P. 37(b)(2)(A)(i)–(iv).

For the foregoing reasons, the Court **OVERRULES** Defendants' Objections. Plaintiff has not filed any objections, and the time to do so has expired. The Court **CONCURS** with the Magistrate Judge's January 23, 2023 Report and Recommendation and **ADOPTS** the Report as the Order of the Court. Thus, the Court **DENIES** Defendants' Motion for Sanctions.

### III. Plaintiff's Objections to Magistrate Judge's August 25, 2022 Order

In his August 25, 2022 Order, the Magistrate Judge denied Plaintiff's fourth and fifth requests to amend his Second Complaint. Doc. 172 at 30–31. The Magistrate Judge determined Plaintiff failed to satisfy Rule 16's good cause requirement as to his requested amendments. Id. at 12. Additionally, as to Plaintiff's requested supplements under Rule 15(d), the Magistrate Judge determined those proposed supplements were futile. Id. at 30. Plaintiff objects to the Order on several grounds, none of which demonstrate the Magistrate Judge's Order was clearly erroneous or contrary to law. Doc. 176.

When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, No. 4:12-CV-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *5

4

(S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

First, Plaintiff reasserts his baseless argument the November 1, 2021 Order superseded the deadlines for amending the pleadings set in the January 15, 2021 Scheduling Order. Doc. 176 at 2. The Court did not amend the Scheduling Order by ordering Plaintiff to file one consolidated proposed pleading. Instead, Plaintiff was directed to file a proposed Third Amended Complaint so the Court could make a "a reasoned decision about Plaintiff's Motions to Amend." Doc. 74. That Order did not impact the timeliness of Plaintiff's proposed amendments or disturb the requirement for Plaintiff to establish good cause to amend the Scheduling Order.

Second, Plaintiff argues the Magistrate Judge erred in denying his requests for leave to amend on the merits. Doc. 176 at 2–7. Much of Plaintiff's Objections to the denial of requested amendments are conclusory statements that do not show the Magistrate Judge's Order was clearly erroneous or contrary to law. See, e.g., id. at 4–5 (stating "This is erroneous" without further detail when objecting to the denial of his request to add claims against Defendant Bland). Plaintiff's somewhat more specific Objections to the Magistrate Judge's conclusions are also unconvincing. Plaintiff again argues he was unaware of certain claims prior to receiving discovery from Defendants. However, as the Magistrate Judge determined, Plaintiff failed to show the bases for the proposed amendments could not have been identified in the exercise of reasonable diligence prior to the amendment deadline. The Magistrate Judge cited numerous examples of Plaintiff's lack of diligence in seeking to amend. Plaintiff fails to address these examples and fails to show the Magistrate Judge erred when determining Plaintiff failed to establish good cause.

Third, Plaintiff objects to the Magistrate Judge's futility analysis, arguing the Magistrate Judge failed to draw any reasonable inferences in Plaintiff's favor. See, e.g., Doc. 176 at 7–8, 23–

24. This Objection lacks merit. While a court ruling on a motion to dismiss gives a certain level of leniency to a pro se party, "this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc., v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by* Ashcroft v. Iqbal, 55 U.S. 662 (2009) (citing Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); and Pontier v. City of Clearwater, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)). Here, Plaintiff does not identify any specific inference the Magistrate Judge should have drawn in his favor, nor does the Court find any inferences the Magistrate Judge should have drawn in Plaintiff's favor. Furthermore, in conducting the futility analysis, the Magistrate Judge correctly cited and applied the plausibility standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), and Iqbal. Doc. 172 at 15–24. Plaintiff misunderstands the standard and fails to show any error by the Magistrate Judge in this regard.

Fourth, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff could not supplement his Complaint with claims based on letters sent by Defendants Mulligan and Desiree West on June 16, 2021 and September 7, 2021. Doc. 176 at 7–17. Plaintiff asserts he plausibly stated a claim under state law, the Due Process Clause, and the Takings Clause. Id. These Objections lack merit. As to the state law claims, Plaintiff argues the Magistrate Judge did not properly consider his argument that O.C.G.A. § 42-12-7.1 is unconstitutional and cannot provide the proper authorization for Defendants to freeze his inmate account. Id. at 8. However, the Magistrate Judge concluded Plaintiff did not state a claim for conversion under O.C.G.A. § 51-10-1 in the first place and, thus, it was not necessary to consider if Defendants had valid authorization under O.C.G.A. § 42-12-7.1. Doc. 172 at 19. The Magistrate Judge also expressly acknowledged Plaintiff's argument regarding the constitutionality of O.C.G.A. § 42-12-7.1 and rejected it. Id. at

20 n.15. The Magistrate Judge did not err in his conclusion Plaintiff failed to state a claim for conversion and his consideration of Plaintiff's argument O.C.G.A. § 42-12-7.1 is unconstitutional.

Plaintiff also argues the Magistrate Judge should not have applied the three-factor test in Mathews v. Eldridge, 424 U.S. 319, 335 (1976), at this stage in the litigation when considering the due process claim. Doc. 176 at 12. Plaintiff is incorrect. The Magistrate Judge used the Mathews test as a framework to assess if Plaintiff had adequately alleged constitutionally inadequate process. Doc. 172 at 20–21. The Mathews test is properly applied when determining if a plaintiff has adequately stated a claim under the Fourteenth Amendment, including at the motion to dismiss stage. See, e.g., Watkins v. Israel, 661 F. App'x 608, 609 (11th Cir. 2016) (applying Mathews framework to a due process claim at motion to dismiss stage). Plaintiff has not demonstrated the Magistrate Judge's use of the Mathews framework was clearly erroneous or contrary to law.

The Magistrate Judge determined Plaintiff's due process claim was futile for an additional reason. In the due process claim, Plaintiff alleged Defendants violated his due process rights by freezing his inmate account, resulting in an unlawful deprivation of his property. The Magistrate Judge determined the due process claim was futile because Georgia's conversion statute, O.C.G.A. § 51-10-1, provides an adequate post-deprivation remedy for the alleged unlawful deprivation. Doc. 172 at 22. Plaintiff objects, arguing the Magistrate Judge incorrectly applied the law. Plaintiff argues the existence of post-deprivation remedies is irrelevant to his claim because post-deprivation remedies only matter where the deprivation was "random" or "unauthorized," and, here, Plaintiff alleges his account was frozen in accordance with established state procedure. Doc. 176 at 13–16 (relying on Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986)). Plaintiff implicitly invokes what is sometimes referred to as the "established state procedure exception." Plaintiff, however, overlooks an important distinction in the law. In Rittenhouse v. DeKalb

7

County, the Eleventh Circuit discussed the "established state procedure exception" and explained whether the exception applies depends on the "feasibility of predeprivation procedures." 764 F.2d 1451, 1454 (11th Cir. 1985), *cert. denied*, 475 U.S. 1013 (1986). Specifically, if pre-deprivation procedures are feasible, the exception applies, and the availability of post-deprivation procedures are irrelevant. Conversely, if pre-deprivation procedures are not feasible, the exception does not apply, and the focus should be on the adequacy of post-deprivation remedies. Here, the Magistrate Judge correctly concluded a pre-deprivation hearing on the freezing of Plaintiff's account was not feasible. Doc. 172 at 21–22. Plaintiff does not challenge this conclusion. As a result, the "established state procedure exception" does not apply. The Magistrate Judge, therefore, correctly focused on the adequacy of post-deprivation remedies and concluded Plaintiff's due process claim was futile. Plaintiff has not shown the Magistrate Judge's conclusion was erroneous or contrary to law.

As to his proposed takings claim, Plaintiff makes various, conclusory Objections regarding his position that O.C.G.A. § 42-12-7.1 is unconstitutional. Doc. 176 at 16–17. However, the Magistrate Judge did not need to address this issue because he concluded Plaintiff had not asserted a claim under the Fifth Amendment Takings Clause. Doc. 172 at 23–24. Plaintiff has not shown this conclusion was erroneous or contrary to law. The Magistrate Judge concluded, even without deciding whether Plaintiff had a constitutionally protected property interest, Plaintiff did not show the alleged deprivation of his interest was a taking. Id. The Fifth Amendment to the United States Constitution provides that "private property [shall not] be taken for public use without just compensation." U.S. Const. amend. V. The Magistrate Judge determined Plaintiff did receive value for the freezing of his account in the form of the fees he was required to pay and, thus, the deprivation was not a taking. Doc. 172 at 23–24. The Magistrate Judge cited persuasive authority

supporting this conclusion. <u>Id.</u> Plaintiff has not shown the Magistrate Judge's conclusion that Plaintiff's Takings Clause claim is futile is clearly erroneous or contrary to law.

Finally, Plaintiff objects to the Magistrate Judge's conclusion Plaintiff could not supplement his Complaint with claims against Defendants Mulligan and Desiree West based on actions they took in Plaintiff's 2021 state habeas case. Doc. 176 at 18–24. Plaintiff argues he plausibly stated a claim under state law and the First Amendment. <u>Id.</u> These Objections lack merit. To the extent Plaintiff argues the Magistrate Judge is not allowed to determine whether Plaintiff stated a claim under Georgia law, this argument is baseless and demonstrates Plaintiff's misunderstanding of applicable legal standard. <u>Id.</u> at 19–21. The Magistrate Judge applied the correct standard, and Plaintiff has failed to show the Magistrate Judge's conclusions were erroneous or contrary to law. The Magistrate Judge correctly concluded Georgia law did not provide for a private cause of action against a clerk of court when she assigned a case to a particular judge or set the hearing for a particular date. Doc. 172 at 26. Plaintiff has not pointed to any Georgia authority that supports his position or any authority that undermines the Magistrate Judge's conclusion. Plaintiff has not shown the Magistrate Judge's conclusion is erroneous or contrary to law.

The Magistrate Judge also denied Plaintiff's requests to supplement to add First Amendment claims against Defendants Mulligan and West related to Plaintiff's 2021 state habeas case because the proposed claims were futile. Doc. 172 at 24–30. Plaintiff objects to these rulings. For his First Amendment access-to-the-courts claim, Plaintiff argues delays in litigation can "frustrate" claims and, therefore, constitute actual injury, even if the delay caused Plaintiff no prejudice in the underlying litigation. Doc. 176 at 22. In support, Plaintiff cites cases involving access-to-courts claims based on alleged delay, but all of those cases are factually distinguishable

and involve allegations of actual prejudice suffered by the claimant. See, e.g., id. (citing Simpson v. Gallant, 231 F. Supp. 2d 341, 348 (D. Me. 2000) (concluding the pre-trial detainee plaintiff stated a cognizable access-to-the-courts claim based on interference with mail and phone access that caused his failure to make bail and longer incarceration)). Here, Plaintiff does not plead an actual injury—only that there was a delay in the habeas proceedings. Plaintiff does not show the Magistrate Judge's conclusion regarding the futility of this access-to-the-courts claim was erroneous or contrary to law.

The Magistrate Judge also denied Plaintiff's request to supplement to add a retaliation claim because Plaintiff failed to allege any adverse action. Doc. 172 at 29–30. Plaintiff objects to this ruling, arguing in conclusory fashion the three-month delay is an adverse action because the delay would deter a person of ordinary firmness from pursuing his claim. Id. at 24. The Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to allege any adverse action. Plaintiff has not shown the Magistrate Judge's conclusion on this point was erroneous or contrary to law.

In sum, Plaintiff has failed to show the Magistrate Judge's Order was clearly erroneous or contrary to law in any regard, and, therefore, the Court **OVERRULES** Plaintiff's Objections.

## CONCLUSION

After an independent and de novo review of the entire record, the Court **OVERRULES** Plaintiff's and Defendants' Objections. Docs. 174, 176, 185. The Court **CONCURS** with the Magistrate Judge's two Report and Recommendations and **ADOPTS** the Magistrate Judge's Reports and Recommendations as the opinions of the Court. Docs. 171, 184. Additionally, since Plaintiff's Objections do not change the Court's ruling, the Order dated September 14, 2022

adopting the Magistrate Judge's August 25, 2022 Report and Recommendation remains the Order of this Court.

**SO ORDERED**, this 2nd day of March, 2023.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA