IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>Plaintiff,<br><br>v.<br><br>SHERRY BLAND, et al.,<br><br>Defendants. | CIVIL ACTION NO.: 6:20-cv-90 |

# ORDER

The Court entered judgment and closed this this case on September 21, 2023. Doc. 236. Plaintiff has filed several objections and motions that were received after the Court entered judgment. The Court addresses these matters in turn. As discussed in further detail below, I **OVERRULE** all of Plaintiff's Objections[1] and **DENY** all of Plaintiff's post-judgment Motions.

I. **Plaintiff's "Partial" Objections to the September 1, 2023 Report and Recommendation, doc. 242**

The Magistrate Judge recommended the Court grant Defendants' motion for summary judgment based on his conclusion that Plaintiff's claims failed as a matter of law. Doc. 227 at 9. Plaintiff, in his Objections, makes various baseless claims about the Magistrate Judge, including his assertions the Magistrate Judge "read and rubberstamp-grants" Defendants' motion without reading or considering Plaintiff's own summary judgment motion and the Magistrate Judge

---

[1] Plaintiff also filed an Objection to the Magistrate Judge's September 20, 2023 Order denying Plaintiff's motion to strike or disregard Defendants' motion for summary judgment and motion to stay, doc. 234. Doc. 240. The Court **OVERRULES** this Objection, as Plaintiff presents nothing more than arguments he has presented to the Court on previous occasions and have already been addressed.

conducted no independent research and plagiarized parts of Defendants' brief. Doc. 242 at 1. Like Plaintiff's other, frequent criticisms of judicial officers and their integrity, Plaintiff's assertions about the Magistrate Judge in this case lack any merit. The Court will not entertain Plaintiff's unsupported, disparaging remarks further.

The Magistrate Judge determined Plaintiff failed to show Defendants interfered with Plaintiff's access to the courts and, thus, could not show he suffered an actual injury in support of his First Amendment claims. Doc. 227 at 11 (describing dismissal in Tattnall County court due to Plaintiff's failure to serve, not due to a delay in filing); id. at 12 (three cases improperly filed in Tattnall County because of the incorrect jurisdiction, not due to Defendants' actions); see also id. at 13–14. In addition, the Magistrate Judge found Plaintiff did not establish a violation of § 51-1-1 of the Georgia Code because this statute does not provide a substantive right or cause of action. Id. at 12–13, 15–16. The Magistrate Judge also concluded Plaintiff failed to carry his burden to show Defendants' actions were the cause of constitutional violations related to the freezing of Plaintiff's inmate account. Id. at 16–22.

Plaintiff fails to show his claims do not fail as a matter of law, and he does not show any flaw in the Magistrate Judge's recommendation that the claims fail as a matter of law. Doc. 242 at 2–26. Specifically, Plaintiff fails to show he suffered any actual injury on his access to courts claims. Plaintiff suggests he faces some speculative injury in the future and this speculative injury arises from Defendants' actions, e.g., at the time of his Objections, criminal charges were pending against Plaintiff, and he claims he is entitled to seek an injunction against Defendants for refusing to file documents in the pending criminal case. Id. at 20. But Plaintiff fails to show he has suffered any actual injury or Defendants caused any actual injury. Ultimately, Plaintiff fails to show he asserts any cognizable legal claim against any of the named Defendants. And the Court notes,

instead of providing any substantive response to Defendants' alternative motion for summary judgment, Plaintiff decided to respond only to the motion for sanctions, which the Court did not need to address.[2] Doc. 224.

Plaintiff's Objections, which the Court has reviewed in their entirety, are without merit and are **OVERRULED**.[3] Plaintiff presents nothing in his Objections that would warrant reconsideration of the Court's Order adopting the Report and Recommendation. The Court's September 21, 2023 Order remains the Order of this Court, and this case stands closed.

## II.  Renewed Motions for Access to Legal Materials and Photocopying, docs. 245, 249

In these Motions, Plaintiff complains about prison officials not providing him with access to electronic legal materials he contends he needs to comply with the Court's discovery Order and photocopies to oppose Defendants' motion for summary judgment. Docs. 245, 249. Plaintiff still fails to set forth any assertions that would lead the Court to believe the electronic materials, including audio recordings, are relevant or would make his claims able to withstand a summary judgment motion. Doc. 227 at 10 & n.4 (listing the extraordinary number of submissions "related to or discussing the audio recordings" and listing numerous Document Numbers). As for Plaintiff's purported need for photocopies of discovery responses and documents in his underlying state court filings (or his attempts to file), Plaintiff fails to show any need for these documents. Defendants submitted many of the documents Plaintiff contends he needs to refute Defendants'

---

[2]  Though dated September 18, 2023, and postmarked October 30, 2023, Plaintiff's responses to Defendants' summary judgment motion and statement of material facts were not docketed until November 3, 2023. Docs. 243, 248. The Court has considered these responses, but nothing contained therein undermines or contradicts the Magistrate Judge's conclusions related to summary judgment. Additionally, Plaintiff had already submitted his own statement of material facts in support of his motion for summary judgment, which the Court already acknowledged. Docs. 209, 227.

[3]  Plaintiff characterizes his Objections as "partial" but fails to provide any valid reason for not providing complete objections. Plaintiff's Objections are lengthy and detailed. The Court considers this filing to be the entirety of Plaintiff's Objections.

motion for summary judgment. See Docs. 203-1 through -31; Doc. 227 at 2–3 (listing documents Defendants used in support of their statement of material facts). Indeed, Plaintiff was able to file a response to Defendants' motion for summary judgment without obtaining these documents. Doc. 243. The Court **DENIES** Plaintiff's Motions.

### III. Motion to Recuse Magistrate Judge, doc. 246

In his most recent Motion seeking Magistrate Judge Cheesbro's recusal, Plaintiff again accuses a judicial officer of "rubberstamping" Defendants' summary judgment motion, which Plaintiff contends shows Judge Cheesbro's bias, prejudice, hostility, and antagonism toward Plaintiff. Doc. 246. This is a baseless accusation. Moreover, Plaintiff has employed the same tactic on previous occasions in this case—accusing the Magistrate Judge of bias and partiality and of rubberstamping denials of relief Plaintiff seeks. Doc. 131 (first motion to recuse); Doc. 145 (Order denying motion); Doc. 158 (objection to denial); Doc. 192 (motion for reconsideration of denial); Doc. 218 (Order denying reconsideration motion); Doc. 232 (objection to Order denying reconsideration). The Court has already explained to Plaintiff unfavorable judicial rulings do not, as a general matter, constitute a "basis for recusal or cast doubts on impartiality unless [the moving party] establishes pervasive bias and prejudice." Doc. 145 at 2 (quoting Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 811 (11th Cir. 2012)). Simply because the Magistrate Judge recommended the Court grant summary judgment in Defendants' favor does not mean the Magistrate Judge is biased or prejudiced against any party, let alone pervasively so. Plaintiff also overlooks the instances when the Magistrate Judge has ruled in Plaintiff's favor, which is an indicator of Magistrate Judge Cheesbro's impartiality or lack of bias for or against any party. The Court **DENIES** Plaintiff's Motion.

### IV. Motion to Certify State Law Questions, doc. 247[4]

Plaintiff moves the Court to certify to the State of Georgia questions relating to whether Defendants are agents of Tattnall County or the State of Georgia for Eleventh Amendment immunity purposes. Doc. 247 at 2–5. Plaintiff also asks the Court to certify a question relating to whether Defendants' refusals to file documents he submitted in civil and criminal proceedings are valid and actionable under Georgia law. Id. at 6–12. In addition, Plaintiff states this Court should certify to the Georgia Supreme Court the question of whether he has an available post-deprivation remedy for the freezing of his account. Id. at 12. Finally, Plaintiff states this Court should certify the question of whether certain provision of Georgia law are void for vagueness or the Tattnall County Clerk's Office employees' interpretation of these provisions is erroneous. Id. at 15–20.

Section 15-2-9 of the Official Code of Georgia provides:

> [W]hen . . . questions of the laws of [Georgia] . . . are determinative of the case and there are no clear controlling precedents in the decisions of the Supreme Court of [Georgia], [a] federal court may certify the questions of the laws of [Georgia] to the Supreme Court of [Georgia] for answers to the questions of state law, which certificate the Supreme Court of [Georgia] may answer by written opinion.

O.C.G.A. § 15-2-9(a); see also In re Cassell, 688 F.3d 1291, 1300 (11th Cir. 2012) ("When there is substantial doubt about the correct answer to a dispositive question of state law, a better option is to certify the question to the state supreme court.").

---

[4] Plaintiff seems to conflate at least two of his causes of action: the instant cause of action, doc. 247 at 2 (beginning with § III) through 20 (discussing Defendants in this case and their alleged actions), and, perhaps, his cause of action in Case Number 6:14-cv-47, id. at 1–2 (through § II) (discussing matters and individuals not a part of this case). The Court need not and will not address anything relating to a case other than the one presently before the Court, other than to state the Court has already denied Plaintiff's request to certify state law questions concerning the availability of post-deprivation remedies. Daker v. Owens, Case No. 6:14-cv-47, 2021 WL 569034, at *2 (S.D. Ga. Feb. 16, 2021) (overruling plaintiff's objections to Magistrate Judge's denial of motion).

Plaintiff repeats arguments he has already raised in his Objections, in underlying motions, and his responses in this Motion. The Court finds there is no need for certification in this instance. Nothing Plaintiff raises in this Motion bears on a determinative issue in this case, as Plaintiff made claims for alleged violations of his federal constitutional rights. See Doc. 227. The Court did not address Defendants' immunity arguments, as there was no need, and essentially noted Plaintiff's post-deprivation remedy already lies, if at all, with the Georgia courts. In addition, Plaintiff fails to show the Georgia courts have not answered his questions. To the contrary, Plaintiff's filing is replete with citations to Georgia law, including citations to Georgia Supreme Court decisions. If Plaintiff wishes to obtain answers to his inquiries, which have likely already been answered, he is free to petition the Georgia courts himself, not enlist this Court's assistance. I **DENY** this Motion.

## V.     Motion to Reconsider and Vacate Order on Motion to Stay, doc. 253

Plaintiff seeks vacatur of the September 27, 2023 Order denying his motion to stay or for an extension of time to file objections to the September 1, 2023 Report and Recommendation. Doc. 253. Plaintiff asserts the Court should vacate this Order because the Court erroneously stated Plaintiff did not file objections to the Report and Recommendation when, in fact, Plaintiff did submit timely objections but prison officials delayed mailing the objections. Id. at 2–3.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly[]discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d

6

1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

Plaintiff contends the basis for his Rule 59(e) motion is to correct clear error and manifest injustice. Doc. 253 at 2–3. First, this is not a basis for granting a Rule 59(e) motion. Second, even if it were, Plaintiff does not show the Court committed clear error resulting in manifest injustice. At the time the Court ruled on Plaintiff's motion to stay on September 25, 2023, it had not received Plaintiff's Objections to the Report and Recommendation. However, by Plaintiff's own admission, he had already prepared and placed in the prison mail system his timely objections on September 18, 2023. Id. at 1. What is more, the Court informed Plaintiff, while it would not grant him an extension to file objections in the already closed case, the Court would give due consideration to any objections Plaintiff wished to file. Doc. 238 at 2. Indeed, the Court has done so in § I of this Order. Plaintiff fails to show entitlement to relief under Rule 59(e), and I **DENY** his Motion.

## VI. Motion to Vacate Order Adopting Report and Recommendation, doc. 254

Plaintiff begins this Motion in much the same was as he does his Motion to Reconsider and Vacate discussed in the preceding Section—by stating vacatur of the Court's September 21, 2023 Order adopting the Report and Recommendation is necessary to correct clear error and prevent manifest injustice. The Court **DENIES** this Motion for the same reasons it denies Plaintiff's first

Motion to Vacate. The Court has considered Plaintiff's Objections and finds them to be without merit.

**SO ORDERED**, this 12th day of June, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA